DANA E. CARMER,
Plaintiff,

*vs.*

J. LEO JOHNSON, INC., a corporation of the State of Vermont,
J. LEO JOHNSON and JAMES E. KNAPP,
Defendants.

*New Castle, April 20, 1960.*

*Herbert L. Cobin,* of Coxe, Booker, Walls & Cobin, for plaintiff.

*James F. Kelleher,* Wilmington, for defendants.

SEITZ, Chancellor: This is an action for an accounting between joint adventurers. See *Carmer v. J. Leo Johnson, Inc.,* 38 *Del.Ch.* 303, 150 *A.2d* 621, *affirmed* 38 *Del.Ch.* 579, 156 *A.2d* 499. The case is at the discovery stage. Plaintiff has moved for an order punishing the defendants for contempt and for other consequences and this is the decision thereon.

■ By order dated March 15, 1960, this court granted plaintiff's motion to compel defendants to answer certain interrogatories fully within a fixed time. Despite such order the defendants did not fully answer interrogatories 4(c), 9 and 23 and no explanation for such failure was contained in the answers which were served. At the oral argument on the present motion the defendants' counsel stated that he believed that the defendants were not able to give the information requested because it was not available to them.

Let us consider, for example, interrogatory 4(c). It requested that the defendants identify the persons making the long distance calls and the person to whom they were made. These are calls for which defendants will seek credit on the accounting. There were a great number of such calls yet defendants' counsel says that defendants could not identify any of them. Under the circumstances of this case such an answer is frivolous. It may be noted that defendants did not file an affidavit thereon.

I am forced to say that at least as to some of those interrogatories not answered fully, it must be concluded that defendants are in deliberate default. My conclusion is premised upon the prior history of this litigation, the nature of the information requested, and the lack of sworn contravening material.

■ I desire to emphasize that a party who cannot answer a particular interrogatory for a reason which would not support a written objection under *Rule 33, Del.C. Ann.,* should incorporate his explanation in the answer to the interrogatories generally. In this way his opponent will have a sworn explanation which he may accept or bring before the court as he sees fit.

I conclude that the defendants, who did not seek to present any further evidence on the subject, are in deliberate default as to this court's order of March 15, 1960 in respect to the paragraphs mentioned. I do not consider that they are, strictly speaking, in default as to that order insofar as interrogatory 3(c) is concerned.

■ I next consider that portion of plaintiff's motion which seeks to punish the defendants for failure to comply with Paragraph 4 of

the order of the court of March 15, 1960, requiring the production of payroll tax returns and income tax returns of the corporate defendant.

At no time prior to the argument on the present motion did defendants file any affidavit explaining why there was not compliance with the court's order. At the oral argument defendants' counsel said that he had advised his client in Vermont to make application therefor to the appropriate governmental offices but that the returns had not been produced. He said that he felt that his client had made such application.

I believe that an affidavit of the appropriate party should have been filed prior to the production date showing just what the facts were with respect to this matter. If it showed the need for more time an appropriate application could have been made.

It does not appear as a sworn matter here that application was seasonably made to the proper agency for copies of the returns and that the failure to produce them was through no fault of defendants. An application for an extension of time to produce accompanied by such an affidavit would, absent other factors, have satisfied the court. However, such a course was not followed and plaintiff had no alternative but to bring the matter before the court. Indeed, even as of now there is no sworn statement by defendants concerning the matter and the court is forced to conclude that the application was not seasonably made. On the present record the corporate defendant is in deliberate default on this phase of the court's order.

The next issue is as to the relief which should be granted plaintiff. The court can well understand the exasperation of plaintiff at the rather cavalier attitude apparently taken by defendants toward many phases of this litigation. The court entertains the same view on the basis of numerous experiences. Nevertheless, restraint is demanded in the interest of fairness. I shall pass over any finding of contempt at this time.

I determine that plaintiff should be awarded an attorney's fee in the sum of $100 to be paid by defendants. Defendants will also be

required to pay the court costs on this phase of the matter regardless of the outcome of the litigation. The defendants will be given ten days from the date of the order hereon to comply fully with the court's order of March 15, 1960, and the present order or make suitable sworn explanation for their inability to comply. If this is not done the court will, at the minimum, prevent them from proving matters in the area covered by the default.

Plaintiff has also filed a motion seeking the appointment of an engineer-surveyor to ascertain the quantity of stone and cinders which have been removed and which remain in the section of track involved in the litigation. The court concludes that this appointment should not be made. If plaintiff desires to have his own expert do the work he is free to do so. It does not seem to the court that this is the type of situation where the appointment of such an agent by the court is appropriate. The motion will therefore be denied.

Present order on notice.